Dear Mr. Diez:
On behalf of the Ascension Parish School Board, you have requested the opinion of this office to the following questions.
 (1) May the Superintendent of the Board enter into contracts/agreements for services on behalf of the Board, without the express authority of the Board.
 (2) May the Superintendent of the Board obligate the funds of the board for any purpose without the express authority of the board.
 (3) May the School Board lawfully delegate the authority to enter into contracts or obligate Board funds to the Superintendent.
 (4) In the matter of the execution of contracts, what are the respective powers of the Board and the Superintendent.
The disposition of each of your questions will be addressed with the following discussion.
The Ascension Parish School Board has implied authority to contract with a third party to conduct an audit of its finances. Attorney General's Opinion 89-589. There is no statutory provision which prescribes the respective powers of the Parish Board and the superintendent to enter into a contract for such services; however, LSA-R.S. 17:81c states:
 "Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper."
The Ascension Parish School Board, therefore, has the power to make rules and regulations, as it sees fit, for its own government. The superintendent's statutory powers are limited to that provided him in LSA-R.S. 17:91 et seq. These powers include: supervisory duties, making annual reports to the State Board of Education, guardianship of records, to serve as treasurer of school funds, etc, and do not include the power to obligate the Board via contract expressly or implicitly. While the superintendent is not statutorily authorized to contract or obligate funds on behalf of the Board, the Board may, if it so chooses, grant to the superintendent such powers. Any actions performed by the superintendent, not legislatively authorized, must be authorized by regulations adopted by the Board or would otherwise be ultra vires.
LSA-R.S. 39:1304, the "Local Government Budget Act", requires each political subdivision to have prepared "a complete financial plan for the ensuing fiscal year for the general fund and each special revenue fund." Once a budget is adopted by the Board, the budget serves as authorization for the superintendent to handle the actual disbursement of the funds appropriated. LSA-R.S. 17:97 requires the president of the parish school board and the treasurer (superintendent) to sign all checks, except where a master payroll plan is adopted, then only the superintendent or such other officer or person as is designated signs the checks.
The superintendent, in turn, should act in a manner not inconsistent with the goals/objectives of the Board as defined in the adopted budget. This is a purely ministerial duty to enhance the efficiency in carrying out the Board's functions, and in no way empowers the superintendent to obligate the funds of the Board.
In conclusion, the superintendent of the Ascension Parish School Board may not enter into contracts on behalf of the Board without being given the power to do so by the Board in its adopted rules and regulations. The superintendent, as acting treasurer pursuant to LSA-R.S. 17:95 and 97, however, may control the disbursement of the Board's general fund according to the goals defined in the adopted budget.
I trust that this opinion addresses your inquiries adequately. If you have any further questions please do not hesitate to contact me.
Respectfully submitted,
 WILLIAM J. GUSTE, JR. Attorney General
 GLENN R. DUCOTE Assistant Attorney General